IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William Harry Meyer,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:07-cr-01181-TLW<br>C/A No. 4:13-cv-00213-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner William Harry Meyer. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner was indicted on charges of using a computer and the internet to transfer or attempt to transfer obscene material to an individual that he believed had not obtained the age of 16 years (Counts 1–11), transporting child pornography by computer (Count 12), and possessing child pornography that had been shipped in interstate commerce (Count 13). Counts 1–11 and 13 called for terms of imprisonment of up to ten years and Count 12 called for a term of imprisonment of five to twenty years.

On March 31, 2008, he signed a plea agreement in which he agreed to plead guilty to Count 10. During the plea hearing, the Government summarized the plea agreement, stating that the Government would agree to dismiss the remaining counts, but that they could be considered as relevant conduct. Petitioner agreed that these were the terms of the plea agreement. The Court also reviewed the concept of relevant conduct with him and he confirmed that he

1

understood the explanation. He also represented that he had the opportunity to review the plea agreement with his counsel, and that he had met with counsel on a sufficient number of occasions and for a sufficient period of time to discuss his case. He also confirmed that he agreed to waive his right to file a direct appeal.

On October 22, 2008, the Court sentenced him to 120 months imprisonment, followed by a 3-year term of supervised release.[1] Judgment was entered on November 18, 2008. No notice of appeal was filed, even though he signed a form indicating that he wished to appeal. ECF No. 56.

On October 22, 2009, Petitioner filed a § 2255 petition in which he asserted, among other things, that his counsel was ineffective in failing to file a timely notice of appeal after being instructed to do so. The Court granted the petition with respect to this claim, and then vacated and immediately reimposed his conviction, which had the effect of allowing him to file a direct appeal.

Petitioner did file a direct appeal, but the Fourth Circuit dismissed the appeal, concluding that he had knowingly and intelligently waived his right to appeal as part of the plea agreement. *United States v. Meyer*, 470 F. App'x 123, 124 (4th Cir. 2012).

On or about January 18, 2013,[2] Petitioner timely filed this § 2255 petition, setting forth two grounds for relief: ineffective assistance of counsel and that his plea was not made knowingly and voluntarily. ECF No. 86. On March 15, 2013, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 95, 96. On June 26, 2013, he filed

---

[1] The Presentence Investigation Report ("PSR") reflected a total offense level of 34 and a criminal history category of I, resulting in a guideline range of 151 to 188 months. However, because the statutory maximum was 10 years, the guideline range became 120 months.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

2

a response to the summary judgment motion.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III.     Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings

3

filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 255 (1986).

## IV.  Discussion

As noted above, Petitioner asserts two grounds for relief in his § 2255 petition—ineffective assistance of counsel and involuntary plea.

He makes six arguments in support of his position on the ineffective assistance ground: (1) counsel "abandoned arguments regarding relevant conduct"; (2) counsel "negotiated an unreasonable waiver of appeal"; (3) counsel failed to investigate the issues and evidence in the case; (4) counsel "failed to argue inapplicability of guideline enhancements that were not based on empirical research"; (5) counsel "failed to do a psycho-sexual evaluation and submit psychiatric evidence and risk assessment evidence"; and (6) counsel "failed to hire an expert to properly evaluate whether alleged photos used to enhance [Petitioner's] sentence were in fact

4

child pornography." ECF No. 86-1 at 1.[3]

To prevail on an ineffective assistance of counsel claim, Petitioner must show (1) that counsel's acts or omissions fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

Regarding the alleged involuntariness of his plea, he states that he would not have pled guilty if he had understood the effect of relevant conduct and his inability to challenge his sentence on appeal. ECF No. 86-1 at 23.

### A.     Ineffective Assistance of Counsel

#### 1.     *Relevant conduct*

Petitioner asserts that counsel was ineffective in waiving objections to the applicable relevant conduct. Counsel stated in his affidavit that he withdrew any arguments that he determined to be without merit because they would not have been successful and would have reduced the effectiveness of his variance argument. ECF No. 94 at 1. At the sentencing hearing, the Court recognized the excellent work done by counsel, noting that he had made as good of a sentencing argument as could have been made in the case. ECF No. 61 at 34–36 ("I will say this. The motion that has been filed, I do not think a better motion could have been filed. I do not

---

[3] In his § 2255 petition, he actually lists eleven ways in which his counsel was allegedly ineffective, ECF No. 86 at 4, but he does not elaborate on any of these in the petition. In his memorandum in support of his § 2255 petition, he asserts and discusses the six arguments noted above.

think a better argument could have been made. I think [counsel] has done all he could do for his client. . . . [Counsel] knows what it takes to focus on the issues that count, and he has done that as well as it could be done. No other lawyer could have done it better."). Counsel's efforts were more than sufficient to meet *Strickland*'s bar.

Additionally, after counsel indicated that he was withdrawing certain objections that he had previously made, the Court asked Petitioner whether he had any objections to the PSR, and he said he did not have any objections. ECF No. 61 at 2. During the plea hearing, the Government also noted that the dismissed counts could be considered as relevant conduct and that relevant conduct was an issue in the case. ECF No. 70 at 4, 6. The Court followed up by discussing the concept of relevant conduct with Petitioner, which he said he understood. *Id.* at 9–10.

For these reasons, he is not entitled to relief on this ground.

        **2.**     *Appeal waiver*

Petitioner next asserts that counsel was ineffective in agreeing to an appeal waiver. During the plea colloquy, the Court reviewed the waiver with him and he said that he did not have questions for the Court about the waiver. ECF No. 70 at 7. Additionally, in the middle of the colloquy, counsel took additional time to explain the waiver to him and the thought process behind agreeing to the waiver. *Id.* at 11–12. After this discussion, the Court again reviewed the waiver provision with him and he again said that he understood and did not have any questions for the Court. *Id.* at 12–13. In counsel's affidavit, he states that the Government insisted on a waiver in exchange for a plea to Count 10, which limited Petitioner's exposure to 120 months, when it was evident to counsel that his guideline range would exceed that range. ECF No. 94 at 2. Because he clearly understood and agreed to the waiver, and because counsel's agreement to

6

the waiver in exchange for limiting his exposure to 120 months was an exercise of reasonable professional judgment, Petitioner is not entitled to relief on this ground.

### 3.     *Failure to investigate*

Petitioner next asserts that counsel was ineffective in failing to investigate the issues and evidence in the case. To the contrary, counsel reviewed the evidence in the Government's possession, had Petitioner take a polygraph examination for use during sentencing, and, as the Court recognized, made a very strong, though ultimately unsuccessful, argument for a variance in the case. ECF No. 61 at 7–8, 26, 34–36, 41; ECF No. 94 at 1–2. Counsel's efforts were more than sufficient to meet *Strickland*'s bar. Accordingly, Petitioner is not entitled to relief on this ground.

### 4.     *Inapplicability of guideline enhancements*

Petitioner next argues that counsel was ineffective in failing to argue that guideline enhancements that were allegedly not based on empirical research were invalid. Such an argument, if counsel had made it, would have been rejected as meritless. *See, e.g.*, *United States v. Perez-Gonzalez*, 461 F. App'x 257, 259 (4th Cir. 2012) (rejecting argument in context of violation of immigration law); *United States v. Moore*, 373 F. App'x 168, 171 (3d Cir. 2010) (rejecting argument in context of child pornography); *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009) (rejecting argument in context of violation of immigration law). Accordingly, Petitioner is not entitled to relief on this ground.

### 5.     *Psycho-sexual evaluation*

Petitioner next asserts that counsel failed to order a psycho-sexual evaluation and submit

psychiatric evidence and risk assessment evidence to the Court. Counsel did not feel that a psycho-sexual evaluation would be useful in this case, ECF No. 94 at 2,[4] and there is no reason to believe that this was not an exercise of reasonable professional judgment. There is also no basis to conclude that such an evaluation would have had any impact on the sentence imposed in this case.

It is also noteworthy that at the sentencing hearing, counsel referred to the polygraph that he had Petitioner take and noted that he passed the question regarding whether he had ever attempted to have sex with anyone he met on the internet. ECF No. 61 at 7–8. Counsel also referred to studies regarding the level of recidivism for persons who commit similar crimes, particularly for persons of Petitioner's age. *Id.* at 6. The Court was favorably influenced by counsel's argument, though ultimately not enough to grant the variance motion. Counsel's efforts were more than sufficient to meet *Strickland*'s bar. Accordingly, Petitioner is not entitled to relief on this ground.

### 6.     *Photo analysis*

Finally, Petitioner asserts that counsel was ineffective in failing to hire an expert to evaluate whether the photos used to enhance his sentence were, in fact, child pornography. Counsel states in his affidavit that after viewing the images and consulting with Petitioner, he was able to determine that they would meet the definition of child pornography and that the assistance of an expert was not necessary. There is no reason to believe that this was not an exercise of reasonable professional judgment. Furthermore, Petitioner has not presented any

---

[4] The affidavit actually says, "I did not utilize psycho-sexual evaluation as I consider it to be useful in this particular case." ECF N. 94 at 2. However, reading the affidavit in context, it is evident that this was a typographical error and that it was intended to say that counsel did not consider it to be useful.

evidence that the photos were not child pornography. Accordingly, Petitioner is not entitled to relief on this ground.

### B.     Involuntary Plea

Petitioner also asserts that "[his] plea was not knowingly, voluntarily, and intelligently made with full understanding of the consequences of the plea." There is no merit to his argument, as the Court conducted a thorough and proper Rule 11 colloquy with him and he indicated that he fully understood his plea and its consequences, including the concept of relevant conduct and his appeal waiver. The questions asked were comprehensive. The record reflects that the plea was entered with full knowledge of its consequences, was voluntary, and was knowing. Accordingly, he is not entitled to relief on this ground.

## V.     Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 96, is **GRANTED** and Petitioner's motion for relief pursuant to § 2255, ECF No. 86, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 14, 2015
Columbia, South Carolina

10